UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

IN RE:

MOHAMED KABIR YOUNOSZAI         CASE NO.: 11-32660(1)(7)
HAYAT D. YOUNOSZAI

_____Debtors_____

**MEMORANDUM-OPINION**

This matter came before the Court for an evidentiary hearing on the Objection to Claimed Homestead Exemption on 1116 Sandstone Drive, #701, Vail, Colorado, filed by creditor Wells Fargo Bank, NA ("Wells Fargo") and the Amended Motion to Avoid Lien of Wells Fargo Bank, NA filed by Debtors Mohamed Kabir Younoszai and Hayat D. Younoszai ("Debtors").  The Court considered the testimony of the witnesses, the documentary evidence submitted and the arguments of counsel for both parties at the hearing.  For the following reasons, the Court will **OVERRULE** the Objection of Wells Fargo and permit the Amendment to Schedule C to the Petition of the Debtors filed on June 5, 2012.  The Court also **GRANTS IN PART** the Motion to Avoid Lien of Wells Fargo Bank, NA.  The following constitutes the Court's Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

**FINDINGS OF FACT**

On or about May 27, 2011, Debtors filed their Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code. The Petition listed the Debtors' residence as 7102 Covered Cove Way ("the Kentucky Property"). At the time the Petition was filed, Debtors owned two pieces of real property. The Kentucky Property was identified as their "residence" and the second property was identified as a condominium located at 1116 Sandstone Drive, #701, Vail, CO ("the Vail Condo").

Debtor Mohamed Kabir Younoszai ("Dr. Younoszai") retired from the Department of Pediatrics at the University of Louisville in 1988. In 1989, Dr. Younoszai purchased a building in Fort Collins, Colorado that was financed by Wells Fargo. The building was owned by Younoszai & Associates, LLC, of which Dr. Younoszai was 99% owner and his wife, Hayat Younoszai, was 1% owner. After losing the main tenant in the building, the LLC filed bankruptcy. Wells Fargo ultimately sued the Debtors personally and obtained a Judgment in the amount of $1,229,393.97, which was registered in Larimer County Court, Fort Collins, Colorado on May 20, 2011.

The Kentucky Property was appraised for $1.3 million. The home was listed with two different Paul Semonin Realtors who were unsuccessful in attempting to sell the property for nearly four years. The house was put up for auction, but the Debtors received only one offer, which was $250,000 below the cost Debtors paid to build the home. Debtors decided to take the property off the market.

In 1998, Debtors purchased the Vail Condo with the intent to permanently retire and live in Vail, Colorado, where they would be closer to their children. Debtors purchased the Vail Condo for $320,000. Wells Fargo holds the first mortgage on the property in the amount of $331,461 and a second mortgage in the amount of $95,000.

On Schedule A to Debtors' Petition, Debtors listed the current value of the Kentucky Property at $500,000 with a secured claim of $595,045. The Vail Condo's value was listed as $450,000 with a secured claim of $426,461. Schedule C did not claim an exemption in any real property owned by the Debtors.

On or about September 28, 2011, four months after the Petition was filed, Debtors mailed a letter to the Court indicating they had changed their residence from the Kentucky Property to the Vail Condo.

On October 4, 2011, Debtors obtained Colorado driver's licenses and registered and insured their vehicles in Colorado.

On March 8, 2012, Debtors filed Amended Schedules A and C which added the Vail Condo and asserted an exemption in the Condo of $23,539 pursuant to 11 U.S.C. §522(d)(1).

Also on March 8, 2012, Debtors filed a Motion to Avoid Lien of Wells Fargo on the Vail Condo pursuant to 11 U.S.C. §522(f) claiming the Judgment lien impairs Debtors' exemption of $23,539 in the Vail Condo. Wells Fargo filed its Objection to the Motion to Avoid Lien on March 22, 2012, contending Debtors are not entitled to assert an exemption

pursuant to 11 U.S.C. §522(d)(1) on the Vail Condo because on the date the Petition was filed, Debtors' residence was the Kentucky Property, not the Vail Condo.

On June 5, 2012, the day before the scheduled evidentiary hearing, Debtors filed an Amendment to Schedule C claiming an exemption of $5,100 in a Fidelity Brokerage account under 11 U.S.C. §522(d)(5) and $5,100 in the Vail Condo pursuant to 11 U.S.C. §522(d)(5). Debtors also amended their Motion to Avoid Lien under 11 U.S.C. §522(f) claiming the Judgment lien impairs the $5,100 claimed exemption in the Vail Condo.

At the hearing, Debtors submitted an Appraisal of the Vail Condo performed by Angelo's Appraisal, Inc. prepared by Appraiser Angelo J. Loria. Mr. Loria appraised the Condo, based on a sales comparison approach using six comparable sales at a value of $410,000.

Wells Fargo did not submit an appraisal of the Vail Condo but instead relies on the taxed assessed value of the Condo of $479,000.

## **CONCLUSIONS OF LAW**

The first issue before the Court is whether the Court will allow Debtors to amend Schedule C in accordance with the filing of Amended Schedule C on June 5, 2012. In the June 5, 2012 Amendment, Debtors claimed an exemption of $5,100 pursuant to 11 U.S.C. §522(d)(5). The significance of the Amendment is that Debtors have lessened the amount of the exemption and the legal basis for the exemption. Debtors no longer rely on the

"homestead exemption" of 11 U.S.C. §522(d)(1), but rather the "wildcard exemption" of 11 U.S.C. §522(d)(5).

Rule 1009(a) of the Federal Rules of Bankruptcy Procedure, states that a schedule, "may be amended by the debtor as a matter of course at any time before the case is closed." The Court need not approve the Amendment so long as it takes place before the case is closed. The only discretion this Court has to reject an amendment is where the debtor has acted in bad faith or concealed property or the amendment prejudices creditors. 9 *Collier on Bankruptcy*, A. Resnick H. Sommers (16th ed. 2012). Bad faith must be shown by clear and convincing evidence based on the totality of the circumstances. *In re Clemmer*, 184 B.R. 935 (Bankr. E.D. Tenn. 1995). It must encompass intentional misconduct. *In re McComber*, 422 B.R. 334 (Bankr. D. Mass. 2010). Prejudice to the creditors involves determining not whether the creditor will recover less or be adversely affected by the amendment, but whether the creditor will be adversely affected by having detrimentally relied on the debtor's initial position. *Id.*

While allowing the Amendment will adversely affect the amount Wells Fargo might receive in this case, there has been no showing of detrimental reliance by Wells Fargo, nor has there been any evidence presented to support a finding of concealment or bad faith by the Debtors. Therefore, the Court will permit the Amendment to Schedule C.

The Amended Schedule C asserts an exemption under the wildcard provision of 11 U.S.C. §522(d)(5). This moots Wells Fargo's Objection to the claimed Homestead Exemption

initially asserted by the Debtors. Accordingly, Wells Fargo's Objection to Debtors' claimed Homestead Exemption is **OVERRULED**.

The second issue before the Court is the Debtors' Amended Motion to Avoid Lien. Debtors seek to strip the Judgment Lien of $1,229,393.97 owned by Wells Fargo on the Vail Condo. Debtors submitted an appraisal of the property which placed the fair market value of the Condo at $410,000. Debtors purchased the property for $320,000 in 1998 and Wells Fargo holds a first and second mortgage on the property in the respective amounts of $331,461 and $95,000. Debtors contend the Judgment Lien impairs its exemption in the Vail Condo.

Under 11 U.S.C. §522(f), a judgment is considered to impair an exemption to the extent that the sum of (i) the lien; (ii) all other liens on the property; and (iii) the amount of the exemption that the debtor could claim if there were no liens on the property, exceeds the value that the debtor's interest in the property would have in the absence of any liens. 11 U.S.C. §522(f)(2)(a).

Debtors' appraisal, based on comparable sales, places the fair market value of the Vail Condo at $410,000. The comparable sales used by the appraiser range in value from $362,280 to $444,000 with adjustments. Comparable sales, however, do not provide a completely accurate appraisal, as the units used were somewhat different from the Vail Condo. Additionally, the market for similar condominiums in Vail has fluctuated over the

last several years. Also, Debtors' appraiser did not take into account the fact that Debtors have rented the unit for as much as $2,400 per month.

At times, this Court uses property value assessments in valuing real estate. Here, the assessed value is $476,900. Considering the conditions as testified to by Mr. Loria, the Court believes the value of the Vail Condo is determined at a midpoint between Mr. Loria's appraisal and the tax assessed value. The Court, therefore assigns the value of $456,900 as the fair market value of the Vail Condo.

Using the Court assigned fair market value, adding all liens on the property, and the exemption, the appropriate calculation is as follows:

```
    331,461.00   -   Wells Fargo's 1st Mortgage
     95,000.00   -   Wells Fargo's 2nd Mortgage
  1,229,393.97   -   Judgment Lien of Wells Fargo
+     5,100.00   -   Debtors' wildcard exemption
  1,660,954.97   -   All liens plus exemptions
-   456,000.00   -   Fair market value
  1,204,954.97
```

Under *In re Brinley*, 403 F.3d 415 (6th Cir. 2005), the amount of the impairment is $1,204,954.97. Thus, Wells Fargo retains a lien of $24,439.00 ($1,229,393.97 less $1,204,954.97 equals $24,439.00) on the Debtors' Vail Condo. *See also*, *In re Hettinger*, 463 B.R. 835 (Bankr. W.D. Ky. 2011). Therefore, the Debtors' Amended Motion to Avoid Lien of Wells Fargo, NA is **GRANTED IN PART**.

**CONCLUSION**

For all of the above reasons, the Objection to Claimed Homestead Exemption on 1116 Sandstone Drive, #701, Vail, Colorado filed by creditor Wells Fargo Bank, NA is **OVERRULED**. The Debtors' Amended Motion to Avoid Lien of Wells Fargo Bank, NA is **GRANTED IN PART**. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: August 7, 2012

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

IN RE:

MOHAMED KABIR YOUNOSZAI
HAYAT D. YOUNOSZAI

CASE NO.: 11-32660(1)(7)

_____Debtors_____

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Objection to Claimed Homestead Exemption on 1116 Sandstone Drive, #701, Vail, Colorado, be and hereby is, **OVERRULED**.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Amended Motion to Avoid Lien of Wells Fargo Bank, NA filed by Debtors is **GRANTED IN PART** in accordance with the Memorandum-Opinion referenced herein.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: August 7, 2012